IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CARL SMITH, deceased, by and through )
Laverne Smith, his next best friend and )
and Administrator (petitioned) of )
The Estate of Carl Smith, )
)
        Plaintiff, )
)
vs. ) No. 05 C 1264
)
CERTAIN UNKNOWN COOK )
COUNTY DEPARTMENT OF )
CORRECTIONS OFFICERS and )
MICHAEL F. SHEAHAN, as Sheriff of )
Cook County, )
)
        Defendants. )

## MEMORANDUM OPINION AND ORDER

In a second amended complaint, plaintiff, on behalf of Carl Smith, deceased, alleges that Smith, following a successful liver transplant in January 2004, was arrested and incarcerated in the Cook County Jail on August 3, 2004. He was then taking various medications to prevent rejection, and he so informed the medical providers at the Cermak Health Services at the Jail. According to the complaint, he was not provided with the necessary medications and, as a result, he rejected the liver transplant later that month and died January 13, 2005. His physical condition obviously deteriorated greatly in August and he repeatedly complained that he was ill and was not receiving his medications, but to no avail.

The defendants move to dismiss. That motion is denied. \

As a threshold matter, defendants point out that the Cook County Department of Corrections and Cermak Health Services are not suable entities. They are correct, but that

is beside the point. The related defendants are the Sheriff in his official capacity, and Cook County. They also contend that the allegations are insufficient to state claims against Dr. Ting, Dr. Masssour, physician assistant David, and nurses Watson and McBride. But in each instance plaintiff alleges that the defendant was aware of Smith's needs, had a responsibility to act, failed to act, and thereby was deliberately indifferent to his medical needs and harm resulted. That, for now, is enough. We agree that negligence is not the standard, but the allegations go further. Finally, the defendants contend that there are insufficient allegations of custom or official policy. We disagree. Plaintiff alleges that requests for medicine and medical treatment for serious conditions were routinely ignored by correctional officers, as were obvious serious medical conditions, and the result was a pervasive attitude of deliberate indifference to needs. Further, the medical providers likewise ignored manifest needs, resulting in a pervasive indifference. In addition, the medical services lacked policies to inventory and administer prescription drugs in the possession of incoming prisoners such as Smith, lacked policies to care for and treat transplant recipients, lacked necessary procedures for obtaining non-formulary drugs, and in other specific respects failed to provide basic medical services. We think those allegations are, for now, sufficient.

*James B. Moran*
JAMES B. MORAN
Senior Judge, U. S. District Court

Nov. 30, 2006.